UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

VICTOR LEMMONS, JR., )
 )
 Plaintiff, )
 )
v. ) Case No. 1:23-CV-29 SPM
 )
JOHN CHAMBERS, et al., )
 )
 Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by self-represented Plaintiff Victor Lemmons, Jr. ECF No. 7. For the reasons discussed below, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On March 6, 2023, Plaintiff filed the instant action on a Court-provided Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. At all times relevant to this action, Plaintiff was a pre-trial detainee housed at the Scott County Jail in Benton, Missouri (the "Jail"). Plaintiff brought this action against the Jail Administrator, John Chambers, and five correctional officers, Trevor Kilmer, Faith Unknown, Daniel Unknown, Dave Unknown, and T. Baliva, in their official capacities only. *Id.* 2-3.

Within his complaint, Plaintiff alleged he submitted several grievances to Defendant Chambers, but did not receive responses. His grievances complained of a variety of issues, including a lack of running water in his cell, an inability to order hygiene products from the inmate kiosk, the presence of mold in D-pod's shower and cells, failure to receive a Scott County Jail

policy manual, the dispensing of medication by "unauthorized non-certified correctional officers," and a lack of supplies to send mail.

Plaintiff left the "Injuries" section of his form complaint blank. For relief, he did not seek monetary damages. Instead, plaintiff asked the Court to "demand Chambers to fix cells so that it has running water, provide indigent mailing tools, provide [Jail] policy manuals to inmates, have certified staff administer medications to inmates, and fix the mold at [the Jail]."

On March 17, 2023, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal. ECF No. 6. The Court explained that an official capacity claim against an individual is actually against the governmental entity itself. Because a jail is not subject to suit under § 1983 and Plaintiff did not allege Scott County had an unconstitutional policy or custom, his official capacity claims failed. In consideration of Plaintiff's self-represented status, the Court directed him to submit an amended complaint to cure his pleading deficiencies. The Court provided detailed instructions on how to format his complaint, including how to properly allege claims against individual defendants, if he wished to do so.

**Amended Complaint**

On April 17, 2023, Plaintiff filed his amended complaint. ECF No. 7. Plaintiff brings his claims against the same defendants, John Chambers, Trevor Kilmer, Faith Unknown, Dave Unknown, Daniel Unknown, and T. Baliva, in their individual capacities only.

Plaintiff's statement of claim is substantially similar to his original complaint. Plaintiff indicates he submitted six grievances between September 20, 2022 and February 1, 2023. Each grievance complained of a different issue, including a lack of running water; inability to purchase hygiene products; mold in D-Pod; no access to the Jail's policy manual; the administration of medicine by defendants Kilmer, Faith, Dave, Daniel, and Baliva without a certification or license

to do so; and failure to provide "mailing tools to correspond with family and/or courts." Plaintiff alleges defendant Chambers, who he identifies as the Jail Administrator, violated his Eighth Amendment rights by failing to respond to and remedy his grievances.

Plaintiff describes his injuries as respiratory issues, kidney problems, rashes and boils on his genitals and underarms, and dehydration. For relief, he seeks "monetary damages of a sum of $75,000, including exemplary damages of $80,000."

## Discussion

The Court has carefully reviewed Plaintiff's amended complaint and has determined it fails to state a claim. As such, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's primary allegation is that he filed six grievances when he was a pre-trial detainee at the Scott County Jail, but defendant Chambers failed to respond. It is not, however, a constitutional violation to refrain from responding to an inmate grievance. *Poe v. Corizon Health*, 2019 WL 186660, at *4 (E.D. Mo. Jan. 14, 2019) ("There is no federal constitutional right to a prison grievance procedure, and neither a state law nor a state policy creates one."). A prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2022) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights"). Therefore, if an institution elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. Similarly,

4

the mere lack of a written policy is not a constitutional violation, *see Thurmond v. Byrd*, 2008 WL 2782674, at *2 (E.D. Ark. July 3, 2008), nor would failure to provide a copy of internal policies or procedures. Consequently, Plaintiff's individual capacity claim for failure to respond to his grievances does not state a claim and must be dismissed.

To the extent Plaintiff is intending to bring claims against defendant Chambers for the issues outlined in his grievances, such allegations also fail. First, as to his claim related to mold and lack of running water, Plaintiff does not allege that defendant Chambers was personally responsible for such conditions. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Here, Plaintiff only asserts that his "grievance was not answered by Scott County Jail's . . . administrator John Chambers[.]" It is not clear from the amended complaint that Chambers actually received the grievance, knew of the alleged conditions, or that any of his actions or policies violated Plaintiff's constitutional rights. A defendant "may not be held liable solely on the basis of their status as sheriff and jail administrator." *Casey-El v. Greenwell*, 2005 WL 2298199, at *2 (E.D. Mo. Sept. 21, 2005) (citing *Glick v. Sargent,* 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits)).

Additionally, in determining whether pretrial detention was unconstitutionally punitive, the United States Court of Appeals for the Eighth Circuit has applied the deliberate-indifference standard. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *see also Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) ("To succeed on a claim under the Due Process

Clause of the Fourteenth Amendment, a pretrial detainee . . . must show the defendant official was deliberately indifferent to his rights"). Thus, Plaintiff "must prove both an objective element, which asks whether the deprivation was sufficiently serious, and a subjective element, which asks whether the defendant officials acted with a sufficiently culpable state of mind." *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993) (citation omitted). For prison condition claims, "the state of mind giving rise to liability is deliberate indifference." *Id.* at 1373-74 (citation omitted). Here, Plaintiff fails to set forth non-conclusory factual support showing Defendant Chambers acted with deliberate indifference as to his conditions of confinement.

Second, plaintiff's claim regarding the lack of hygiene supplies available from the Jail is inadequate. Prisoners and detainees are entitled to the basic necessities of human life and to humane treatment. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *Scott v. Carpenter*, 24 F. App'x 645, 647 (8th Cir. 2001). Here, however, Plaintiff does not identify what kind of hygiene products he attempted to purchase from the inmate kiosk. He only states that he "could not shower properly" and "hygiene was poor." He does not identify specific items that were in short supply, or of which he was deprived. *See Sumlin v. Chambers*, 2023 WL 2524942, at *5 (E.D. Mo. Mar. 15, 2023) (plaintiff's failure to describe the deprivation prevents the Court from the ability to determine whether a constitutional violation has occurred). An Eighth Amendment violation requires the long-term and repeated deprivation of the minimal civilized measure of life's necessities. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Because Plaintiff does not allege any facts to support such a deprivation, such as what specific items he was denied and for how long, or even that Defendant Chambers personally denied him of the items, the amended complaint fails to state a conditions of confinement claim.

Third, Plaintiff appears to allege that unlicensed correctional officers gave him his medication, rather than nurses. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). The Constitution does not prohibit medication from being dispensed by unlicensed guards and a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). *See also Bickel v. Miller*, 446 Fed. Appx. 409, 412 (3rd Cir. 2011) (finding no Eighth Amendment violation when untrained correctional guards dispensed medication because they did not exercise independent medical judgment with respect to their distribution). Consequently, this claim must be dismissed for failure to state a claim.

Lastly, although Plaintiff states his lack of access to "mailing tools" prevented him from being able to access the courts, he does not provide any facts to support he was actually unable to assert a legal claim or was unable to litigate an already filed case. The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Instead, a plaintiff must plead that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the inmate's] access to filing a complaint, or caused a filed complaint to be deficient, [the

inmate's] alleged injuries are merely speculative"). Because plaintiff fails to allege that he suffered actual prejudice with respect to contemplated or existing litigation, this claim must be dismissed.

As to the remaining defendants, Kilmer, Faith, Dave, Daniel, and Baliva, Plaintiff's claims against them fail because they are improperly joined. In the Court's March 17, 2023 Memorandum and Order, it was explained to Plaintiff that he should only include claims that arise out of the *same* transaction or occurrence, or simply put, claims that are related to each other. ECF No. 6 (citing Fed. R. Civ. P. 20(a)(2)). Plaintiff's amended complaint is deficient because he cannot use a single action to bring unrelated claims against different defendants. For example, Plaintiff's claims against Chambers regarding the conditions of his cell or a failure to respond to grievances is unrelated to his claim against the remaining defendants for the improper dispensing of medication. "Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, pursuant to Rule 20(a)(2), the Court will also dismiss this action without prejudice as to defendants Trevor Kilmer, Faith Unknown, Dave Unknown, Daniel Unknown, and T. Baliva as to their allegedly improper dispensing of medication for improper joinder.

### Motion to Appoint Counsel

Plaintiff has filed a motion for the appointment of counsel. ECF No. 8. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel . . . Rather a court may request an attorney to represent any person unable to afford counsel"). Plaintiff's

8

motion will be denied as moot, given the fact that plaintiff's claims are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because it fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 8] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of April, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE