UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| VICTOR LEMMONS, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 1:23-CV-29 SPM |
| JOHN CHAMBERS, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John Chambers' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 33. Self-represented Plaintiff Victor Lemmons, Jr. filed a response. ECF No. 39. For the reasons discussed below, the Motion to Dismiss will be denied, and the Court will issue a Case Management Order by separate order. As such, Defendant John Chambers must file an answer to Plaintiff's amended complaint in the time allowed by the Federal Rules.

**Background**

On March 6, 2023, Plaintiff filed the instant action on a Court-provided Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. At all times relevant to this matter, Plaintiff was a pre-trial detainee housed at the Scott County Jail in Benton, Missouri (the "Jail"). Plaintiff brought this action against the Jail Administrator, John Chambers, and five correctional officers, Trevor Kilmer, Faith Unknown, Daniel Unknown, Dave Unknown, and T. Baliva, in their official capacities only. *Id.* 2-3.

Within his complaint, Plaintiff alleged he submitted several grievances to Defendant Chambers, but did not receive responses. His grievances complained of a lack of running water in his cell, an inability to order hygiene products from the inmate kiosk, the presence of mold in D-

pod's shower and cells, failure to receive a Jail policy manual, the dispensing of medication by unlicensed correctional officers, and a lack of supplies to send mail. He did not complete the "Injuries" section of his form complaint and did not seek monetary damages.

On March 17, 2023, the Court granted Plaintiff leave to proceed *in forma pauperis*, reviewed the complaint pursuant to 28 U.S.C. § 1915, and determined it was subject to dismissal. ECF No. 6. The Court explained that an official capacity claim against an individual is actually against the governmental entity itself. Because a jail is not subject to suit under § 1983 and Plaintiff did not allege Scott County had an unconstitutional policy or custom, his official capacity claims failed. In consideration of Plaintiff's self-represented status, the Court directed him to submit an amended complaint to cure his pleading deficiencies.

On April 17, 2023, Plaintiff filed an amended complaint against the same six defendants in their individual capacities only. ECF No. 7. Similar to his original complaint, Plaintiff indicated he submitted six grievances between September 20, 2022 and February 1, 2023 complaining of a lack of running water, an inability to purchase hygiene products, the presence of mold in D-Pod, no access to the Jail's policy manual, the administration of medicine by unlicensed Jail employees, and the failure to provide "mailing tools." Plaintiff alleged that Defendant Chambers violated his Eighth Amendment rights by failing to respond to and remedy his grievances. He described his injuries as respiratory issues, kidney problems, rashes and boils on his genitals and underarms, and dehydration. For relief, he sought "monetary damages of a sum of $75,000, including exemplary damages of $80,000."

On April 27, 2023, the Court reviewed Plaintiff's amended complaint, determined it failed to state a claim against all Defendants, and dismissed this case pursuant to 28 U.S.C. § 1915(e)(2). ECF Nos. 9, 10. As to Plaintiff's claim against Defendant Chambers regarding the presence of mold, the Court explained:

> Plaintiff does not allege that defendant Chambers was personally responsible for such conditions. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). Here, Plaintiff only asserts that his "grievance was not answered by Scott County Jail's . . . administrator John Chambers[.]" It is not clear from the amended complaint that Chambers actually received the grievance, knew of the alleged conditions, or that any of his actions or policies violated Plaintiff's constitutional rights. A defendant "may not be held liable solely on the basis of their status as sheriff and jail administrator." *Casey-El v. Greenwell*, 2005 WL 2298199, at *2 (E.D. Mo. Sept. 21, 2005) (citing *Glick v. Sargent,* 696 F.2d 413, 414-15 (8th Cir. 1983) (per curiam) (respondeat superior theory inapplicable in § 1983 suits)).

ECF No. 9 at 5.

On May 24, 2023, Plaintiff filed a Notice of Appeal. ECF No. 13. On August 11, 2023, the Eighth Circuit Court of Appeals reviewed the preservice dismissal of this action. *Lemmons v. Chambers*, No. 23-2318, 2023 WL 5164011, at *1 (8th Cir. Aug. 11, 2023). The Eighth Circuit affirmed the dismissal of Plaintiff's claims based on medical treatment by unlicensed staff, failure to respond to grievances, failure to ensure the receipt of a Jail policy manual and mailing supplies, and failure to remedy a lack of running water and hygiene supplies. *Id.* However, the Eighth Circuit found that Plaintiff's "allegations that he developed respiratory issues due to mold exposure in the jail for his entire 7-month detention, and that he informed Chambers about the mold problem through a grievance, were sufficient to survive preservice dismissal." *Id.* Consequently, this matter was reversed and remanded for further proceedings related to the mold exposure claim against Defendant Chambers. The mandate was issued on September 18, 2023. ECF No. 27. Defendant Chambers was subsequently served with the amended complaint. *See* ECF Nos. 28, 29, 31.

**Motion to Dismiss**

On October 31, 2023, Defendant Chambers filed the instant Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 33. Defendant

argues that although the Eighth Circuit determined the mold issue should have survived preservice dismissal in this matter, the Court should dismiss the claim upon this motion on the basis of qualified immunity. Defendant cites to *Thurmond v. Andrews*, 972 F.3d 1007, 1012 (8th Cir. 2020) for the proposition that there is "no identified controlling authority or a robust consensus or persuasive authority clearly establishing a right to be free from mold." ECF No. 33 at 4.

### Legal Standard for Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### Discussion

Defendant Jail Administrator John Chambers argues he is entitled to the protection of qualified immunity against Plaintiff's conditions of confinement claim related to mold because there is no clearly established constitutional right to be free from mold exposure. In support of the motion, he cites to *Thurmond v. Andrews*, 972 F.3d 1007, 1012 (8th Cir. 2020).

In *Thurmond*, six former inmates alleged they were confined in unconstitutional living conditions between 2016 and 2018 because they were exposed to black mold in the showers. *Id.* at 1010. In 2017, a professional engineering and environmental consulting company was hired by the jail to conduct a mold assessment. *Id.* While no black mold or other widespread building related

mold problem was found, the inspection did reveal the presence of "a mold called Cladosporium," which was described as "a common indoor contaminant." *Id.* The defendant jail administrator admitted he did not implement any of the consulting company's recommendations for removing the Cladosporium. *Id.* at 1011. During the discovery stage of the lawsuit, the plaintiffs hired an allergen doctor to test each of them for a Cladosporium allergy, in which only one of the six inmates were found to be allergic. *Id.* The allergen doctor testified that in order to be affected by Cladosporium, one must be allergic to the spore. *Id.* The jail administrator moved for summary judgment based on qualified immunity, which the district court denied. *Id.*

Upon appeal in *Thurmond*, the Eighth Circuit noted that "[w]hile prisoners certainly have an Eighth Amendment right to sanitary prison conditions including reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time, the articulation of this broad right does not answer whether the presence of *non-toxic* environmental allergens are necessarily violative of this right." *Id.* at 1012 (emphasis added). After a discussion of relevant case law, the Eighth Circuit ultimately held that it could not identify any "'controlling authority' or a 'robust consensus of persuasive authority' clearly establishing a right to be free from Cladosporium, mold, or other allergens in the prison context as the levels alleged here." *Id.* As such, the Eighth Circuit found that a grant of qualified immunity as to the Jail Administrator was appropriate at the summary judgment stage of litigation.

Having carefully reviewed *Thurmond*, this Court finds it to be distinguishable from the instant action. In its remand order, the Eighth Circuit in this matter found it relevant that the Plaintiff's amended complaint alleged the development of "respiratory issues" due to his 7-month mold exposure. *Lemmons*, 2023 WL 5164011, at *1. *See also* ECF No. 7 at 5 ("With the mold in Plaintiff['s] cell as well as in D pods shower, he continues to suffer from respiratory issues."). At this stage of the litigation, the Court must decline to follow *Thurmond* because the question

remains whether the mold Plaintiff was exposed to was toxic or non-toxic. As currently pled, Plaintiff adequately alleges a plausible claim that the mold *was* toxic and he *was* allergic to the spores because he developed respiratory issues. If true, the Plaintiff here is not identical to the Plaintiffs in *Thurmond*.

Qualified immunity protects officials who acted in an objectively reasonable manner, shielding them from liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether a defendant is entitled to qualified immunity, courts consider: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[D]efendants seeking dismissal under Rule 12(b)(6) based on an assertion of qualified immunity must show that they are entitled to qualified immunity on the face of the complaint." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (internal citations and quotations omitted).

Pretrial detainee § 1983 conditions of confinement claims arise under the Fourteenth Amendment Due Process Clause. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). A pretrial detainee's due process rights are violated if the conditions of his confinement constitute punishment. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979) ("Due process requires that a pretrial detainee not be punished."). This is because "[a] person lawfully committed to pretrial detention has not been adjudged guilty of any crime." *Bell*, 441 U.S. at 536. "Rather, he has received only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest.'" *Id.* (quoting *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)). Thus, a pretrial

detainee bears a lighter burden to show a constitutional violation resulting from the conditions of his confinement under the Fourteenth Amendment than a prisoner bears—post-conviction—under the Eighth Amendment. *Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). Pretrial detainees "are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). Courts have considered a combination of factors, including time and conditions, to decide what level of unclean conditions are unconstitutional. *See, e.g., Tokar v. Armontrout*, 97 F.3d 1078 (8th Cir. 1996).

In the instant action, Plaintiff alleges he was exposed to mold in his own cell and shower facilities for an extended period of time and that exposure caused him respiratory issues. He further states that Defendant Chambers was aware of the issue because he notified him of the condition through grievances. At this stage of the litigation, subsequent to the Eighth Circuit's remand on the preservice dismissal of this very issue, the Court finds plaintiff has adequately alleged a conditions of confinement claim, and the Court cannot determine from Plaintiff's pleadings alone that Defendant Chambers is entitled to qualified immunity.

The Court does not agree with Defendant's position that mold in a cell and shower facilities occurring over a 7-month period and allegedly causing physical harm can be protected by qualified immunity upon a Rule 12(b)(6) motion. *See e,g., Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989) (quoting *Hutto v. Finney*, 437 U.S. 678, 687 (1978)) ("Conditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months.'"); *Payne v. Saint Louis, Missouri, City of St. Louis, Mo.*, No. 4:17-CV-01769-AGF, 2018 WL 583043, at *5 (E.D. Mo. Jan. 29, 2018) (denying motion to dismiss because "given the fact-specific nature of Plaintiff's claim, which may depend, for example, on the severity and duration of the mold . . . , the Court cannot say that Plaintiff fails to state a claim based on her conditions of confinement as a matter of law.");

*Lewis v. Jackson Cnty., Missouri*, 2021 WL 5867649, at *4 (W.D. Mo. Dec. 10, 2021) (allegations of "filthy and mold infested" housing persisting though a "months-long pre-trial detainment" despite plaintiff's complaints about the conditions were sufficient to state a plausible constitutional conditions of confinement claim); and *Amerson v. Outlaw*, 2012 WL 1579556, at *6 (E.D. Ark. Mar. 28, 2012), *report and recommendation adopted*, 2012 WL 1579525 (E.D. Ark. May 4, 2012) ("Plaintiff alleges a prevalent mold problem, continuous physical ailments caused by that problem, continuous complaints to the Defendants, and Defendants' continued refusal to abate the problem. The Court finds that Plaintiff sufficiently alleges an Eighth Amendment constitutional violation, and that Defendants are not protected from liability by qualified immunity because the law concerning permissible and impermissible conditions of confinement is clearly established.").

Viewing the facts in the amended complaint in the light most favorable to plaintiff, the Court finds plaintiff has alleged sufficient factual matter, accepted as true, to state a facially plausible conditions of confinement claim against Defendant Chambers. All that is required is that plaintiff sets forth plausible facts that he is entitled to relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John Chambers' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 33] is **DENIED**.

A Case Management Order will be entered separately.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of January, 2024.